[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER PAYMENT OF ARREARS (#205)
The marriage of the parties was dissolved on September 24, 1981. The Separation Agreement of the parties entered into on September 22, 1981 provides for a cost-of-living adjustment for the plaintiff. The plaintiff claims a substantial arrears under this COLA provision of the Separation Agreement.
The plaintiff was awarded unallocated alimony and child support in the amount of $2,500 per month until September 30, 1991, "when alimony shall cease."
Paragraph 3.2 of the Separation Agreement provides that "in addition to the unallocated alimony and support payments of Thirty Thousand Dollars ($30,000) per year, a cost-of-living adjustment limited pro rata to the husband's increase in income shall be paid, using the cost of living index for August 1981 as a base. For the purposes of determining the increase in the husband's income, a base of $72,000 per year shall be used."
The parties were heard at length and both counsel filed briefs. Neither party presented the testimony of an accountant.
The court makes the following findings in reaching the decisions reflected in the orders that follow:
1. The court interprets Paragraph 3.2 of the Agreement to indicate that a base of $72,000 per year as a constant base shall be used to determine the increase in the husband's income.
2. The court finds that the Agreement did not provide for a cumulative cost-of-living index.
3. The court finds that the August 1981 base cost-of-living index is 93.1. CT Page 807
4. The court finds that the percentage of the cost-of-living increase is determined by subtracting the present year C.P.I. cost-of-living figure from the past year C.P.I. cost-of-living index, and dividing by the base year of August 1981 (base year is 93.1), this base remains constant.
The fraction thus becomes:
Present year minus previous year, divided by base year equals present year cost-of-living index.
Using a cost-of-living increase from the August 1981 base and using the husband's annual increases in income from his $72,000 base, the court establishes the following sums due the plaintiff under the COLA provisions.
COST OF LIVING HUSBAND'S INCREASE IN COLA YEAR INCREASE BASE INCOME OVER $72,000 PAYMENT DUE OF AUGUST 1991 BASE
1982 4.6 = .049 $ 19,286 $ 945.01 93.1
1983 3.3 = .035 29,601 1,036.03 93.1
1984 3.5 = .037 46,161 1,707.95 93.1
1985 3.7 = .039 49,039 1,946.84 93.1
1986 2.0 = .021 54,096 1,163.06 93.1
1987 5.8 = .062 52,750 3,286.32 93.1
1988 5.3 = .056 110,379 6,280.56 93.1
1989 6.7 = .072 130,346 9,384.91 93.1
1990 7.8 = .083 81,924 6,865.23 93.1
1991 5.3 = .056 81,924 93.1 x 3/4 thru Sept. 1991 3,496.10 CT Page 808
 Total arrears for the years 1982 through 1991: $36,112.01 under the COLA provision.
The court further finds that the defendant's defined contributions plan of $174,700 is earned income to which the COLA provisions apply. The defendant had no knowledge of the years in which the contributions were made. The court has used an average of the COLA increase over the 10 year period in question as follows:
COLA increase = .510 divided by 10 years = .051 x $174,700 equals $8,909.70 as additional payment due the plaintiff.
It was undisputed that there is an arrears of $1,500 owed for 1991 base alimony. The court finds the arrears due the plaintiff as follows:
COLA payment due $36,112.01
 Additional payment from defendant's defined contribution plan 8,909.70
1991 arrears base alimony 1,500.00
 Total arrears for the years __________ 1982 through 1991 $46,521.71
The court finds that the defendant is entitled to a credit of $24,511.20 for payments made under the COLA provisions.
Total sums due the plaintiff $46,521.71
 Less credit for payments made by the defendant 24,511.20 __________ Total arrears due plaintiff $22,010.51
The arrears shall be paid as follows:
1. 1/2 within 30 days of date;
2. The balance within 60 days of date.
The plaintiff is awarded counsel fees in the amount of $3,500 payable within 30 days of date.
COPPETO, J.